UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EARL WILSON,

                         Plaintiff,       **MEMORANDUM and ORDER**

      — against —              07-CV-948 (SLT) (LB)

OFFICER DAMON MCMULLEN, # 28854;
OFFICER CRAIG BERLIN, # 25933; SERGEANT
JOHN MARTINEZ, Shield # 12489;

                        Defendants.
-----------------------------------------------------------------X

**TOWNES, United States District Judge:**

Earl Wilson ("Plaintiff"), proceeding *pro se*, brings this action against defendant police officers Damon McMullen, Craig Berlin, and John Martinez (collectively, "Defendants"), under 42 U.S.C. § 1983 for violation of his constitutional rights arising from his arrest after a disturbance at a grocery store on September 28, 2006. Liberally construing Plaintiff's complaint, he claims that the police officers violated his rights by falsely arresting him and maliciously prosecuting him. Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Defendants' motion is granted.

*BACKGROUND*

On September 28, 2006, at approximately 2:50 a.m., a man wearing a black hat, dark sneakers, a dark shirt, light colored pants, and a black backpack entered a grocery store located at 2605 Bedford Avenue in Brooklyn, New York. Defs.' Rule 56.1 Statement of Undisputed Facts ("Defs. Stmt.") ¶ 3.[1] A videotape in the grocery store captured the events of that morning. *Id.* ¶

---

[1] Plaintiff failed to submit a Local Rule 56.1 Statement of Undisputed Facts. Local Rule 56.1 requires a party opposing summary judgment to file a separate statement of material facts "as to which it is contended that there exists a genuine issue of material fact," and that controverts all material facts set forth in the moving party's Rule 56.1 Statement. Local Civil Rule 56.1(b)-(c). Parties are not permitted to controvert a moving party's material facts with conclusory or unsupported statements, as "each statement of material fact by a movant or opponent must be

2.; *see also* Ex. G (DVD disc of videotape).[2] The man is seen interacting with the grocery store clerk and then exiting the store after approximately one minute. *Id.* ¶ 3. At approximately 2:53 a.m., the man re-entered the store, clutching his bag in one hand and wielding a long, knife-like object in his other hand. *Id.* ¶ 4. The man is then captured on camera chasing several individuals around the grocery store while waving the object in his hand. *Id.* ¶ 6. The individuals are clearly attempting to flee from the man in fear. *Id.* Approximately one minute later, at 2:54 a.m., the man exits the grocery store. *Id.* ¶ 7.

At approximately 3:00 a.m., two police officers, including Officer Damon McMullen, arrive at the store, and the man, later identified as Plaintiff, follows the officers into the store. Defs. Stmt. ¶ 8. Two individuals, Greg Grant and Albert Bailey, were present in the store and among those chased by the man. *Id.* ¶ 9. They pointed at Plaintiff and informed the officers that Plaintiff had chased them around the store with a knife. *Id.* Grant and Bailey later indicated to Officer McMullen that they were prepared to testify against Plaintiff. Ex. N, McMullen Decl. ¶ 11. Officer McMullen also interviewed the store clerk, Samer Abdel, who informed them that Plaintiff entered the store, exited the store, returned with a knife and proceeded to chase the individuals throughout the store. Defs. Stmt. ¶ 11. Abdel offered to show the officers the

---

followed by citation to evidence which would be admissible . . . ." *Id.* at 56.1(e). Any material fact in a movant's Rule 56.1 Statement not controverted by the opposing party is deemed admitted. *Id.* at 56.1(c). Here, Plaintiff did not specifically contest Defendant's Rule 56.1 Statement and provided only four factual assertions unsupported by citation to admissible evidence. Pl.'s Aff. ¶¶ 4-7. A *pro se* litigant should be given special latitude in responding to a summary judgment motion. *See McPherson v. Coombe*, 174 F.3d 276, 280-81 (2d Cir. 1999). Nevertheless, "[e]ven a *pro se* party is not exempt from the requirements of summary judgment motions." *Johnson v. Queens Admin. for Children's Servs.*, No. 02-CV-4497, 2006 WL 229905, at *4 (E.D.N.Y. Jan. 31, 2006) (citation omitted). Courts have "broad discretion" in dealing with a party's failure to comply with local court rules. *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 72 (2d Cir. 2001). In this case, the Court accepts Defendants' Rule 56.1 Statement as admitted where it is supported by the record.

[2] The Court has viewed the videotape in its entirety.

videotape of the incident. *Id.* ¶ 12. Officer McMullen viewed the videotape and observed that the man captured in the videotape wielding a weapon resembled Plaintiff. Ex. N, McMullen Decl. ¶ 9. McMullen also observed that Plaintiff and the perpetrator in the videotape wore the same clothing. *Id.* At approximately 3:05 a.m., one of the police officers at the scene recovered a white metal dagger – also known as a "sai" – from outside the store. Defs. Stmt. ¶ 15; Ex. H, Property Clerk's Invoice. The weapon matched the description of the weapon brandished by Plaintiff given by Abdel, Grant, and Bailey. *Id.* ¶ 16; *see also* Ex. K., McMullen Charge.

After viewing the videotape, interviewing Abdel, Grant, and Bailey, and the recovery of the weapon, Officer McMullen placed Plaintiff under arrest. Ex. N, McMullen Decl. ¶ 12; *see also* Ex. M, On Line Booking Worksheet. At the time, Plaintiff had a black backpack, a black hat, dark sneakers, blue jeans and white pants. Ex. I, Property Clerk's Invoice; Ex. M, On Line Booking Worksheet. Plaintiff was charged with menacing in the second degree (two counts), menacing in the third degree (two counts), harassment in the second degree (two counts), and criminal possession of a weapon in the fourth degree. Ex. K., McMullen Charge. On September 29, 2006, Plaintiff was arraigned on the charges. Defs. Stmt. ¶ 19. According to a document submitted by Plaintiff, the charges were dismissed on January 2, 2007, based on "speedy trial" provisions. *See* King County Criminal Court Certificate of Disposition No. 187639 (annexed to Pl.'s Aff.).

Plaintiff initiated the instant action on February 20, 2007, against "New York City" and "70 PCT – 154 Lawrence Ave Brooklyn NY 11230. *See* Compl. On May 17, 2007, the Court removed the party identified as "70 PCT – 154 Lawrence Ave Brooklyn NY 11203" and substituted it with the names of the individual defendants Damon McMullen, Craig Berlin, and

John Martinez. Furthermore, the City of New York was never served with process in this action and, thus, it is not a party in this matter. On October 1, 2008, Defendants moved for summary judgment. The Court now turns to this motion.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotation marks omitted). The moving party bears the burden of showing that there is no genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant meets this burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). The non-movant cannot avoid summary judgment "through mere speculation or conjecture" or "by vaguely asserting the existence of some unspecified disputed material facts." *W. World Ins. Co.*, 922 F.2d at 121 (internal quotation marks omitted).

When evaluating a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

No genuine triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996). "If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotation marks omitted) (alteration in original).

## II. False Arrest

A § 1983 claim for false arrest derives from the right to be free from unreasonable searches and seizures, including the right to be free from arrest absent probable cause. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "Whenever there has been an arrest and imprisonment without a warrant, the officer has acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful." *Peterson v. County of Nassau*, 995 F. Supp. 305, 313 (E.D.N.Y. 1998) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)). Nevertheless, the existence of probable cause gives an officer the privilege to arrest and "is a complete defense to an action for false arrest" under § 1983. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *see also Weyant*, 101 F.3d at 852.

Probable cause to arrest exists when authorities have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to cause a person of reasonable caution to believe that the person to be arrested has committed or is committing a crime. *Weyant*, 101 F.3d at 852. It requires only a "probability" or a "substantial chance" that a crime has taken or is taking place. *United States v. Bakhtiari*, 913 F.2d 1053, 1062 (2d Cir.

1990) (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)); *cf. United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) ("The standard does not demand certainty but only a 'fair probability' that contraband or evidence of a crime will be found."). Whether or not there was probable cause to arrest depends on the information available at the time of the arrest, *Peterson*, 995 F. Supp. at 313, judged against the "totality of the circumstances," *Williams v. City of New York*, No. 02-CV-3693, 2003 WL 22434151, at *3 (S.D.N.Y. Oct. 23, 2003) (citing *Gates*, 462 U.S. at 233). Thus, the validity of an arrest does not depend upon an ultimate finding of guilt. *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 419 (S.D.N.Y. 2002) (citing *Pierson v. Ray*, 386 U.S. 547, 555 (1967); *Fernandez v. DeLeno*, 71 F. Supp. 2d 224, 229 (S.D.N.Y.1999)).

It is also well settled that "absent circumstances that raise doubt as to the victim's veracity," a victim's report of a crime is generally enough, by itself, to establish probable cause. *Koester v. Lanfranchi*, No. 06-5814, 2008 WL 3842253, at *1 (2d Cir. Aug. 13, 2008) (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)). Furthermore, "a police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Martinez v. Simonetti*, 202 F.3d 625, 635 (2d Cir. 2000) (internal quotation marks and citation omitted). Thus, even if a police officer is confronted with an accused's claim of innocence, the officer need not disprove the claim to rely on a victim's account as probable cause for arrest. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). Moreover, probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information. *Brogdon*, 200 F. Supp. 2d at 419.

Ample evidence supports the probable cause determination to justify Plaintiff's arrest. First, two victims, Grant and Bailey, identified Plaintiff to Officer McMullen and accused Plaintiff of chasing them around the store with a knife. Defs. Stmt. ¶ 9. They also indicated to Officer McMullen that they were prepared to testify against Plaintiff. Ex. N, McMullen Decl. ¶ 11. Furthermore, Plaintiff proffered no evidence to suggest that Officer McMullen should have had some reason to doubt the victims' veracity. Second, an eyewitness, store clerk Abdel, corroborated the two victims' account by confirming that Plaintiff entered the store and later returned with a knife and proceeded to chase the individuals throughout the store. Defs. Stmt. ¶ 11. Third, Officer McMullen was able to view the videotape of the incident that night. The videotape clearly shows a perpetrator chasing after individuals in the store with a weapon. Ex. G, Videotape. Officer McMullen observed that the perpetrator wore the same clothing as Plaintiff and resembled Plaintiff. Ex.N, McMullen Decl. ¶ 9. Indeed, Plaintiff was arrested with a black backpack, a black hat, dark sneakers and white pants – all items matching the clothing worn by the perpetrator on the video. Ex. I, Property Clerk's Invoice; Ex. M., On Line Booking Worksheet. Finally, a weapon was recovered nearby that the victims and eyewitness said resembled the weapon brandished by Plaintiff. Under these circumstances, Officer McMullen had "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to cause a person of reasonable caution to believe" that Plaintiff had committed a crime. *Weyant*, 101 F.3d at 852.

Plaintiff counters that he was the victim in this matter, that he called the police to report that his bicycle was stolen, and that he had no weapon. *See* Compl. II.A.; Pl. Aff. ¶¶ 5-7. Even assuming that Plaintiff made such statements to the officers that night, his protestations of

7

innocence would not have stripped the officers of probable cause to arrest Plaintiff. "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). Here, Grant and Bailey's version of events was plausible, and their credibility was buttressed by the corroborating observations of Abdel and the videotape. Under the circumstances, Officer McMullen had a reasonable basis for believing there was probable cause to arrest Plaintiff notwithstanding his claims of innocence.

To the extent that Plaintiff seeks to pin liability on Defendants for his detention by Immigration and Naturalization Service ("INS") subsequent to his arrest on September 28, 2006, this argument would be unavailing as probable cause supported Plaintiff's arrest at the time and Plaintiff has not shown how Defendants caused his detention by INS.

Finally, Plaintiff's opposition to Defendants' summary judgment motion relies on the argument that *res judicata* operates to preclude Defendants from "using any evidence, trustworthy information, of facts and circumstances [sic]." Pl.'s Aff. 1. The doctrine of res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). To establish *res judicata*, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Id.* (citing *Allen*, 449 U.S. at 94).

To the extent Plaintiff seeks to use the dismissal of the underlying criminal charges in this case to invoke preclusion, this argument must fail. According to Plaintiff's own evidence, the underlying criminal charges in this case were dismissed on January 2, 2007, based on "speedy trial" provisions. *Cf.* King County Criminal Court Certificate of Disposition No. 187639 (annexed to Pl.'s Aff.). Such a dismissal would not constitute an adjudication on the merits. *Cf. Lockwood v. Lockwood*, 872 N.Y.S.2d 271, 274 (N.Y. Fam. Ct. 2009) (dismissal in a criminal matter does not constitute a "final conclusion" barring subsequent litigation; "final conclusion" in criminal matters means acquittal or conviction); *Chang v. Rotker*, 552 N.Y.S.2d 676, 680 (N.Y. App. Div. 1990) (dismissal of prior accusatory instrument by local criminal court on speedy trial grounds was not "adjudication on merits" for purposes of double jeopardy); *Marino v. Mobilia*, No. 94 CV 5003, 1997 U.S. Dist. LEXIS 21265, at *10 (E.D.N.Y. Dec. 6, 1997) (criminal action dismissed on speedy trial grounds not on the merits for malicious prosecution purposes). Even if on the merits, under New York law, "[a] dismissal of a criminal charge or an acquittal does not generally constitute collateral estoppel in relation to a civil action because of the difference in the burden of proof to establish the factual issues." *Kalra v. Kalra*, 539 N.Y.S.2d 761, 762 (N.Y. App. Div. 1989). "At best, the dismissal in the criminal proceeding rests upon a failure of proof beyond a reasonable doubt and is not a conclusive finding of innocence or nonparticipation in the underlying acts charged." *Id.* (internal quotation marks omitted). Thus, the dismissal of the underlying criminal charges in this case cannot be used to bar litigation of issues, claims or facts in Plaintiff's complaint.

To the extent Plaintiff claims that other court proceedings bar Defendants' defense, this argument must also fail. Plaintiff does not establish that Defendants were parties to these other court proceedings or in privity with those in the other court proceedings.

Accordingly, summary judgment is granted on Plaintiff's claim for false arrest.

## II. Malicious Prosecution

Next, the Court liberally construes Plaintiff's complaint to assert a claim for malicious prosecution against Defendant Officers. To state a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must allege the four elements of malicious prosecution under New York state law and the deprivation of a constitutional right. *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). The elements of malicious prosecution under New York law are (1) that the defendant commenced a criminal proceeding against the plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the initiation or continuation of the proceeding; and (4) that the defendant acted with malice. *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004). A constitutional claim for malicious prosecution under § 1983 adds an additional element: (5) "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman*, 215 F.3d at 215; *see also Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) ("A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must . . . show some deprivation of liberty consistent with the concept of 'seizure.'"). Here, Plaintiff cannot satisfy the probable cause or actual malice elements of a malicious prosecution claim.

The Second Circuit denies malicious prosecution claims against police officers unless the plaintiff can establish that the indictment "was produced by fraud, perjury, the suppression of

evidence or other police conduct undertaken in bad faith." *Dawson v. Snow*, No. 09-0055-cv, 2009 WL 4826280, at *2 (2d Cir. Dec. 16, 2009) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82-83 (N.Y. 1983). Thus, an arresting officer may only be held liable for malicious prosecution "when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors." *Brome v. City of New York*, No. 02-CV-7184, 2004 WL 502645, at *5-6 (S.D.N.Y. Mar. 15, 2004) (internal quotation marks omitted). Similarly, malice means "that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996). Only where probable cause to initiate a proceeding is "so totally lacking" may malice reasonably be inferred. *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 295 (S.D.N.Y. 2001) (quoting *Martin v. City of Albany*, 42 N.Y.2d 13, 17 (N.Y. 1977))

In this case, Plaintiff has not alleged, let alone provided any evidence, that Defendant Officers committed any misconduct in forwarding the multiple charges to prosecutors. As stated above, two victims, an eyewitness, and a videotape all confirm that Plaintiff menaced individuals in a grocery store in the early morning of September 26, 2006 with a weapon. Based on this information, Officer McMullen had ample probable cause to arrest Plaintiff on September 26, 2006 and nothing dissipated the probable cause at the time Officer McMullen provided the criminal arrest information to prosecutors before Plaintiff's arraignment on September 29, 2006. Thus, Defendants did nothing to improperly cause Plaintiff's prosecution in this case. Accordingly, summary judgment is granted on Plaintiff's claim from malicious prosecution.

### III.  Qualified Immunity

The doctrine of "[q]ualified immunity 'shields police officers acting in their official capacity from suits for damages . . . unless their actions violate clearly-established rights of which an objectively reasonable official would have known.'" *Jones*, 465 F.3d at 55 (internal quotations omitted). As noted above, the Defendants had probable cause to arrest Plaintiff on September 28, 2006 based the two victim's account, an eyewitness account, a review of the surveillance video that captured the incident, and the recovery of a weapon. Furthermore, no evidence points to any "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" by Defendants to violate Plaintiff's due process rights. *Dawson*, 2009 WL 4826280, at *2. Under these facts, Defendants did not violate any clearly-established right held by Plaintiff. Accordingly, Defendant Officers are entitled to qualified immunity.

## IV. State Law Claims

Plaintiff appears to assert several state law claims against Defendants. *See* Compl. 5. Under 28 U.S.C. § 1367(c)(3) a district court, in its discretion, may "decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims." *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998). In exercising its discretion, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* In the instant case, all federal claims have been dismissed against all Defendants and nothing counsels this Court to retain the state

law claims. Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. All federal claims are dismissed against all Defendants with prejudice. Plaintiff's state law claims are dismissed without prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

/S/
/SANDRA L. TOWNES
United States District Judge

Dated: March 30, 2010
Brooklyn, New York